UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Plaintiff(s),<br><br>v.<br><br>BUCHANAN MARINE, LP., U.S. WATERWAYS TRANSPORTATION, LLC., and JOHN DOES 1-10, and ABC Corps 1-10,being the person, firms, or corporations who owned, operated and\/or charted the Tug Mister T at the time in question,<br><br>Defendant(s). | CIVIL ACTION #:<br><br>**ANSWER TO COMPLAINT<br>WITH JURY DEMAND** |

Defendants, BUCHANAN MARINE, LP and WATERWAYS TRANSPORTATION, LLC., (hereinafter "Answering Defendants"), upon information and belief, answers Plaintiff's Complaint as follows:

**ANSWERING IN RESPONSE TO THE "PARTIES"**

1. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Answering Defendant BUCHANAN MARINE, LP. denies the allegations contained in Paragraph 2 of the Complaint.

3. Answering Defendant US WATERWAYS TRANSPORTATION, LLC denies the allegation in Paragraph 3 of the Complaint since its principal place of business is 243 W. Bute Street, Norfolk, VA 23510.

631921.1

## ANSWERING IN RESPONSE AS TO "JURISDICTION"

4. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5. Answering Defendant deny knowledge or information sufficient to form a belief as to the allegations contained as Paragraph 5 of the Complaint.

6. Answering Defendant BUCHANAN MARINE, L.P. denies the allegations contained in Paragraph 6 of the Complaint.

7. Answering Defendant US WATERWAYS TRANSPORTATION, LLC admits that they are a Virginia limited liability corporation and deny all remaining allegations in Paragraph 7 of the Complaint.

8. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9. Answering Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Answering Defendants admit the allegations contained in paragraph 10 of the Complaint.

## ANSWERING IN RESPONSE AS TO "FACTS COMMON TO ALL COUNTS"

11. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Answering Defendants deny the allegations contain in paragraph 18 of the Complaint.

19. Answering Defendant, BUCHANAN MARINE admits the allegations in paragraph 19 of the Complaint.

20. Answering Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Answering Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Answering Defendant, BUCHANAN MARINE, admits the allegations contained in paragraph 24 of the Complaint.

25. Answering Defendants deny the allegations contain in paragraph 25 of the Complaint.

26. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Answering Defendants deny the allegations contain in paragraph 27 of the Complaint.

## ANSWERING DEFENDANTS IN RESPONSE TO
## COUNT I
## NEGLIGENCE UNDER ADMIRALTY LAW (FED. R. CIV. P. 9(h).

28. Answering defendants repeat and reiterate each and every allegation of the preceding paragraphs as if set forth herein at length.

29. Answering Defendants deny the allegations contain in paragraph 29 a-p of the Complaint.

30. Answering Defendants deny the allegations contain in paragraph 30 of the Complaint.

31. Answering Defendants deny the allegations contain in paragraph 31 of the Complaint.

## ANSWERING DEFENDANTS IN RESPONSE TO
## COUNT II
## COMMON-LAW NEGLIGENCE

32. Answering defendants repeat and reiterate each and every allegation of the preceding paragraphs as if set forth herein at length.

33. Answering Defendants deny the allegations contain in paragraph 33 of the Complaint.

34. Answering Defendants deny the allegations contain in paragraph 34 of the Complaint.

35. Answering Defendants deny the allegations contain in paragraph 35 of the Complaint.

**WHEREFORE**, Answering Defendants respectfully demands judgment in its favor, and against Plaintiff, dismissing the Complaint, together with attorneys' fees, and costs, and for such other, further, and different relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged occurrence, loss, and damages were caused or contributed by the negligence of other parties, including plaintiff, and/or other parties as of yet unknown, over whom Answering Defendants have no control, and/or as a result of other parties' violations of applicable federal safety and operating regulations, industry standards, and/or statues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff owner/operator of the bridge failed to exercise due diligence to maintain the subject bridge in condition in all respects; and the bridge was not in fact fit, tight, staunch, strong and properly or competently sturdy, and/or properly maintained for the service in which was engaged.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the doctrine of old for new and Plaintiff must calculate depreciation, and any other economic benefit which Plaintiff may have gained but for which it cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury on any count of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The subject vessel was operating with reasonable care under the circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

The subject bridge and/or its owners were comparatively at fault, because same was improperly marked or lit or was somehow not properly designed or maintained.

### NINTH AFFIRMATIVE DEFENSE

The collision was unavoidable due to forces outside human control, even with proper skill and caution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees or any measure of punitive damage.

**WHEREFORE**, Answering Defendants respectfully demand judgment in their favor, and against Plaintiff, dismissing the Complaint, together with attorneys' fees, and costs, and for such other, further, and different relief as the Court may deem just and proper.

Dated: October 7, 2025

                                            FREEHILL HOGAN & MAHAR, LLP
                                            Attorneys for Answering Defendants
                                            *Buchanan Marine, LP. and U.S Waterways*
                                            *Transportation, LLC.*

By: _____
          John F. Karpousis (Attorney ID 056531993)

## CERTIFICATE OF SERVICE

On this 7th day of October, 2025, I caused to be served via e-File and/or First Class Mail by United States Postal office to the parties listed below a copy of the within **ANSWER TO COMPLAINT WITH JURY DEMAND** and filed the original document with the Court.

    Timothy J. Collazzi. Esq.
    Rachel S. Rubenstein, Esq.
    Landman Corsi Ballaine & Ford P.C.
    Attorneys for Plaintiff
    One Gateway Center, 22nd Floor
    Newark, NJ  07102
    (973) 623-2700

Dated: October 7, 2025

                                                     _____
                                                     John F. Karpousis