UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––– X

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

        Plaintiff,

    v.

BUCHANAN MARINE, LP., U.S. WATERWAYS TRANSPORTATION, LLC., and JOHN DOES 1-10, and ABC Corps 1-10, being the persons, firms, or corporations who owned, operated and/or charted the Tug Mister T at the time in question

Civil Action No.: 1:25-cv-05326-JHR

CASE MANAGEMENT PLAN AND SCHEDULING ORDER

––––––––––––––––––––– X

The parties submit this Proposed Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer**: The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on November 10, 2025.

2. **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff: On October 28, 2021, the Pelham Bay Bridge's (the "Bridge") fender system was struck by a barge controlled by the tug Mister T ("the Tugboat") owned and operated by Defendant Buchanan Marine. Buchanan Marine was owned, operated, and/or managed by Defendant U.S. Waterways. As the Tugboat approached the bridge, it unsuccessfully attempted to align the tow with the Bridge's channel, causing the barge to allide with the fendering system. Several factors contributed to this incident, including: (1) the Tugboat's Master and crew did not adequately communicate during a watch

change; (2) the Tugboat's Mate did not pay appropriate attention to the make-up of the gate line; and (3) the Tugboat's Master did not properly identify the tow alignment prior to attempting to pass under the bridge. As a direct and proximate result of said allision, Amtrak has sustained damages to the Bridge, including the reasonable value and costs of repairs to same and costs associated with redirecting Amtrak's employees away from their regular duties to address this problem, loss of use of the Bridge, and costs associated with delays to Amtrak's and others' trains, together with other direct and consequential damages, in an amount in excess of $1,200,000.

<u>Defendants:</u> The Defendants do not yet concede liability and assert that the subject vessel was operating with reasonable care under the circumstances. Discovery needs to be taken on the concept of whether the subject bridge and/or its owners were comparatively at fault, because same was improperly marked or lit or was somehow not properly designed or maintained and whether the collision was unavoidable due to forces outside human control, even with proper skill and caution. Further, Plaintiff owner/operator of the bridge may have failed to exercise due diligence to maintain the subject bridge in condition in all respects; and the bridge may not have been "fit, tight, staunch, strong and properly or competently sturdy, and/or properly maintained for the service in which was engaged", to quote applicable case law. Finally, it is black letter maritime law that in the case of an allision, the vessel owner responsible for the allision is not obligated to replace in a new condition that which was deteriorated prior to the time they became responsible. This concept is commonly referred to as "old for new" and defendants believe it applies here, as does the "useful life of the property" doctrine. That

2

is, where the post allision repairs extend the useful life of the damaged property, but to a different degree from the expected useful life of the property at the time of its acquisition by the plaintiff, the damage calculation requires consideration of the percentage of the repair expenses representing the cost of the useful life extension. The percentage of useful life extension is the portion of the total useful life of the repaired property that the useful life extension constitutes. The allocable cost of the useful life extension may then be derived by multiplying that percentage by the total repair expenses. If this allocable cost is then deducted from the total cost of repairs, the resulting damages award will precisely compensate the plaintiff for the cost of restoring his property to its pre-collision condition.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq. (originally enacted as 45 U.S.C. § 501, et seq.), and more than half of its corporate stock is owned by the federal government. See 28 U.S.C. § 1349. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000. This action also falls within the admiralty and maritime jurisdiction of the United States and this Court pursuant to 28 U.S.C. § 1333, pursuant to Fed. R. Civ. P. 9(h).

4. **Subjects on Which Discovery May be Needed:** The parties expect to need discovery on Defendants' negligence and Plaintiff's damages.

5.  **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than December 2, 2025.

    a. Plaintiff will disclose by November 28, 2025 the information required by Fed. R. Civ. P. 26(a)(1).

    b. Defendants will disclose by November 28, 2025 the information required by Fed. R. Civ. P. 26(a)(1).

6.  Amended Pleadings:

    a. No additional parties may be joined after February 15, 2026. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

    b. No amended pleadings may be filed after February 15, 2026. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

7.  Discovery Plan:

    a. All fact discovery shall be completed by September 1, 2026.

    b. Initial requests for production shall be served by December 1, 2025. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    c. Initial interrogatories shall be served by December 2, 2025. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d. Requests to admit shall be served by February 2, 2026.

  e. Depositions shall be completed by September 1, 2026.

  f. The parties propose the following limits on discovery: None at this time.

  g. Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

  h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery: the parties do not currently have any disputes to address with the Court.

8. **Expert Discovery (if applicable):**

  a. The parties do anticipate using testifying experts.

  b. Anticipated areas of expertise:

  <u>Plaintiff:</u> Assuming Defendants concede liability as Amtrak expects, Amtrak will retain a damages expert.

  c. Expert discovery shall be completed by December 1, 2026.

  d. By June 1, 2026, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing

5

        party's expert(s): and (ii) all expert discovery shall be completed by the date set forth above.

    e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery: the parties do not currently have any disputes to address with the Court.

9. Electronic Discovery and Preservation of Documents and Information:

    a. The parties have not discussed electronic discovery, but do not expect that eDiscovery will be necessary.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by December 8, 2025.

    c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery: the parties do not currently have any disputes to address with the Court.

10. **Anticipated Motions** (other than summary judgement if any): Defendants may seek a ruling via motion on the applicability of the "old for new" doctrine and/or "useful life of the property" doctrines to the facts of this case.

11. **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge, that it intends to move for summary judgment, and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

12. **Pretrial Submissions**: The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgement motion is made, 30 days after the close of all discovery.

13. **Trial**:
   a. All parties do not consent to a trial before a Magistrate Judge at this time.
   b. The case is not to be tried to a jury.
   c. The parties anticipate that the trial of this case will require four to six days.

14. **Early Settlement or Resolution**:
   a. Settlement discussions have taken place.
   b. The parties have already engaged in an informal exchange of information in aid of early settlement, which was unsuccessful.

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program; (iii) retention of a private mediator. The parties propose the following alternative dispute mechanisms for this case: The parties retained a private mediator before Amtrak filed suit and continued settlement discussions while Defendants' answer was pending. The parties were unsuccessful at reaching resolution. The parties believe that a settlement conference before a magistrate judge would be most effective.

    d. The parties recommend that the alternative dispute mechanism designated above be employed at the following point in the case: after the close of fact discovery.

    e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order:

15. Other Matters the Parties Wish to Address (if any): N/A

16. The Court will fill in the following:

A status conference will be held before the undersigned on _____ at _____ m. in Courtroom 9A, 500 Pearl Street.

The parties shall submit a joint status letter by  1/20/2026  no longer than  3  pages.

Respectfully submitted this _____ day of _____, _____

8

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| National Railroad Passenger Corporation d/b/a Amtrak | Buchanan Marine, LP., U.S. Waterways Transportation, LLC |
| Landman Corsi Ballaine & Ford P.C.<br>Timothy J. Collazzi, Esq.<br>Rachel S. Rubenstein, Esq.<br>One Gateway Center, 22nd Floor<br>Newark, NJ 07102<br>TEL: (973) 623-2700<br>EMAIL: tcollazzi@lcbf.com;<br>rrubenstein@lcbf.com | Freehill Hogan & Mahar LLP<br>John F. Karpousis, Esq.<br>80 Pine Street, 25th Floor<br>New York, New York 10005-1759<br>TEL: (212) 425-1901<br>EMAIL: karpousis@freehill.com |

Dated: November 18, 2025
       New York, New York

SO ORDERED. *[signature: Gary Stein]*

GARY STEIN
United States Magistrate Judge